# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT STEPHEN JACKSON,

    *Petitioner*,

vs.

SHERIFF JOE LOMBARDO, et al.,

    *Respondents*.

2:15-cv-00373-RFB-CWH

ORDER

    This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 submitted by a prisoner in the custody of the Nevada Department of Corrections. The court has reviewed the petition pursuant to the Rules Governing Habeas Cases, and the petition must be dismissed.

    A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

    Upon reviewing the petition in this case, the court concludes that petitioner's claims are unexhausted. Petitioner provides state case no. C112744361 and indicates that he was sentenced on

February 18, 2015 (ECF #1, p. 1). Petitioner signed the instant petition on February 25, 2015. *Id*. at 15. This court may take judicial notice of the state court docket, which indicates that the judgment of conviction at issue was entered on March 4, 2015. Petitioner states in the instant petition: "This is an emergency . . . . The Clark County District Attorney's office threatened to prosecute my family if I pursued an appeal! They've attempted to prosecute them before maliciously" (ECF #1, p. 2). However, the state court docket reflects that, subsequently, petitioner did in fact file a notice of appeal of the state court judgment on March 30, 2015 and filed a case appeal statement on April 1, 2015.

As the state court docket indicates that petitioner is currently pursuing his direct appeal, this premature petition is dismissed without prejudice as wholly unexhausted. It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a new action filed in a timely manner after petitioner has exhausted all available state remedies. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the court's dismissal of this action without prejudice to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

Dated this 11th day of May, 2015.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE